IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

THOMAS R. DAY and
MARIE K. DAY,

    Plaintiffs,

v.                                    CASE NO. 4:08cv92-SPM/WCS

UNITED STATES OF AMERICA,

    Defendant.

_____/

## ORDER GRANTING MOTION TO DISMISS

THIS CAUSE comes for consideration upon the United States of America's "Motion to Dismiss for Lack of Jurisdiction." (doc. 6). Plaintiffs filed a "Response to the Government's Motion to Dismiss." (doc. 7). Both parties filed memoranda of law in accordance with the local rules (docs. 6,7). See N.D. Fla. Loc. R. 7.1(A). Defendant's filed a "Reply to the Plaintiffs' Response to the Government's Motion to Dismiss." (doc. 8).[1] For the reasons set out below, the Court will grant the motion to dismiss.

Plaintiffs Thomas R. Day and Marie K. Day brought the present action against the United States as a result of an Air Force Lieutenant's negligent

---

[1] Defendant's proposed response (doc. 8) was not considered by the Court. Accordingly, the motion for leave to file a reply is denied.

operation of an F-15 aircraft, causing the aircraft to crash near Plaintiff's property and resulting in damage to the skylight windows in Plaintiffs' home. The accident occurred on May 21, 2004. On April 15, 2007, Plaintiffs filed an administrative claim for damages with the Department of the Air Force. The Department of the Air Force denied Plaintiffs' claim as time barred pursuant to both the Military Claims Act, 10 U.S.C. § 2733(b)(1),[2] and the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2401(b) (2006). Plaintiffs appealed the administrative decision. The Department of the Air Force denied Plaintiffs' appeal and issued a notice of final denial on September 25, 2007. Plaintiffs filed their complaint in the United States District Court on February 27, 2008.

In order to bring a tort action against the United States, a plaintiff must act within the two-year statute of limitations period established by the FTCA. Section 2401(b) of the United States Code provides the statute of limitations for tort actions against the United States:

---

[2] Plaintiffs do not allege a claim pursuant to the Military Claims Act in their Complaint (doc. 1) and this Court would be unable to review such a claim. See also Hass v. U.S. Air Force, 848 F.Supp. 926, 933 (D. Kan.1994). In the absence of a cognizable constitutional claim, the Military Claims Act, 10 U.S.C. § 2735, expressly precludes review by the district or appellate court of an agency's decision to deny the claim. Labash v. United States Dept. of Army, 668 F.2d 1153, 1155 (10th Cir. 1982). See also Towry v. United States, 459 F.Supp. 101, 107 (E.D. La.1978), aff'd, 620 F.2d 568 (5th Cir.1980) (judicial review of findings of fact under Military Claims Act precluded by section 2735).

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b) (2006). In construing the plain meaning of section 2401(b), tort claimants filing suit against the United States can be barred by the statute of limitations in two ways: (1) they can be barred if they do not file a claim with the appropriate federal agency within two years; or (2) they can be barred even if they do file a timely administrative claim, but fail to file a suit in district court within six months after final notice of the agency's action on their claim. The Court finds Plaintiffs' action barred by the first standard since Plaintiffs did not file a claim with the appropriate federal agency within two years after their claim accrued. See Powers v. U.S. Dep't. of Agric., 245 Fed.Appx. 924, 928, 2007 WL 2414971, *3 (11th Cir. 2007) (holding in order to bring a tort action against the United States under the FTCA, the claimant must present the action in writing to the appropriate Federal agency within two years after such claim accrues). Plaintiffs filed a claim in writing on April 15, 2007. The claim should have been filed by May 22, 2006, two years after the date (May 21, 2004) of the alleged aircraft crash. Thus, Plaintiffs failed to timely file an administrative claim.

The legislative history of section 2401(b) confirms that a claimant must file

a claim, in writing, to the appropriate federal agency within two years after the claim accrues.  Section 2401(b) was amended in 1966 by section 7 of Public Law 89-506. The purpose of the new law was to require all tort actions against the government to be filed first with the appropriate federal agency for an administrative review within two years after the claim accrues.  1966 U.S. Code Cong. & Ad.News (80 Stat.) 2515 at 2522; See Myszkowski v. U.S. Government, 553 F.Supp. 66, 67-68 (D.C. Ill.1982).

Plaintiffs allege that an oral notification of their claim was made within the two year statutory time frame.  However, the statute expressly requires a written claim.  See 28 U.S.C. § 2401(b) (2006).  Plaintiffs also allege that their claim did not "accrue" until the damage fully manifested itself, or in the alternative, until Plaintiffs were able to obtain the required documentation for an amount of damages to accurately fill out Standard Form 95, Claim for Damage, Injury or Death (doc. 1, ex. A, B).  The general rule is that a claim under the FTCA "accrues" at the time of injury and not when a cause of action could be established for the case, irrespective of the technical complexities of the case.[3]

---

[3]An exception to the general rule applies in medical malpractice cases, where a tort claim accrues at the time plaintiff discovers injury and the cause of injury or as soon as the claimant is in possession of sufficient facts that a prudent person would make inquiry into the responsibility therefor.  United States v. Kubrick, 444 U.S. 111, 120 (1979).  Even applying this test to the facts at hand, Plaintiffs' claim accrued at the time of the aircraft crash.

CASE NO. 4:08cv92-SPM/WCS

See Diaz v. U.S.,165 F.3d 1337, 1339 (11th Cir. 1999) (*citing* United States v. Kubrick, 444 U.S. 111, 120 (1979)); see also White v. Mercury Marine, Div. of Brunswick, Inc.,129 F.3d 1428, 1434 (11th Cir. 1997) (interpreting "accrue" in a maritime statute by applying the Supreme Court's interpretation of "accrue" in Kubrick). Thus, in the instant case, the claim accrued on May 21, 2004, the date of the injury. As such, the claim should have been filed with an appropriate federal agency no later than May 22, 2006.

In the alternative, Plaintiffs allege that the Court should, under equity, toll the running of the statute of limitations. Plaintiffs allege that they diligently sought an estimate for the repair of their windows once the damage manifested itself. Plaintiffs allege that they were delayed in obtaining an estimate of the damages due to the age of the windows and the rural location of their home. Plaintiffs further allege that they needed to obtain an exact estimate of the damages since Standard Form 95, Claim for Damage, Injury or Death , (doc. 1, ex. A, B) specifically requests a "sum certain" of the damages.

The circumstances of the instant case do not merit equitable tolling. The Supreme Court has held that, in the absence of Congressional action to the contrary, the equitable tolling doctrine should be applied to suits against the United States to the same extent as suits against individuals. See Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95-96 (1990). The Supreme Court held that

equitable relief should be expanded only sparingly to individuals and highlighted two scenarios demonstrating the application of such relief.

> We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

Id. (citations omitted).  See also Booth v. Carnival Corp., 522 F.3d 1148, 1152 - 1153 (11th Cir. 2008) (holding claim was equitably tolled where claimant actively pursued judicial remedies but filed the complaint in the wrong venue).  Thus, although the principles of equitable tolling may be applied in a suit against the United States, "the principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect."  Irwin, 498 U.S. at 96.  In the instant case, Plaintiffs failed to file their claim during the statutory period. Equitable tolling is inapplicable to Plaintiffs' claim since Plaintiffs never attempted to file a written claim within the statutory period and Plaintiffs were not tricked by any federal agency to delay filing their claim.  Plaintiffs' attempt to file a claim almost three years after the alleged incident is at best a "garden variety claim of excusable neglect."  See Irwin, 498 U.S. at 96.

"It goes without saying that statutes of limitations often make it impossible to enforce what were otherwise perfectly valid claims. But that is their very

purpose, and they remain as ubiquitous as the statutory rights or other rights to which they are attached or are applicable." United States v. Kubrick, 444 U.S. at 125. The purpose of the limitations statute is to require the reasonably diligent presentation of tort claims against the Government. Id. at 117.

> It is well established that the FTCA is a specific waiver of the sovereign immunity of the United States and must be strictly construed. By enacting the FTCA time limitation period, 28 U.S.C. § 2401(b), the United States has placed a condition on that waiver. Limitations and conditions upon which the Government consents to be sued must be strictly observed . . . .

Powers, 245 Fed.Appx. at 928, 2007 WL at *3. Accordingly, Plaintiffs' almost three year delay in filing their FTCA claim constitutes a failure to comply with the strict limitations and conditions of the FTCA time limitation period.

Based on the foregoing, it is hereby

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss (doc. 6) is GRANTED and this case is dismissed with prejudice based on the statute of limitations.

DONE AND ORDERED this 16th day of September, 2008.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge